**BUR–COLD EXPRESS, INC., Petitioner,**

v.

**PARKER HANNIFIN CORPORATION,
Defendant.**

**Civ. A. No. B–91–112.**

United States District Court,
S.D. Texas,
Brownsville Division.

Dec. 11, 1992.

Kenneth R. Hoffman, Hoffman, Jordan & Stephens, Austin, TX, for petitioner.

Raymond A. Cowley, Jarvis & Kittleman, McAllen, TX, for defendant.

## MATTERS BEFORE THE COURT

VELA, District Judge.

Currently, before this Court is the Defendant's Motion to Stay Proceedings and Order Transfer, Motion for Leave to File an Amended Answer and Counterclaims as well as the Plaintiff's Motion for Summary Judgment, Motion to Dismiss Counterclaims for Failure to State Sufficient Claims and Motion for More Definite Statement.

## STATEMENT OF THE FACTS

During 1988 and 1989, Bur–Cold Express, Inc., Plaintiff, entered into an agreement with Parker Haniffin Corporation, Defendant, to provide common carrier services at a rate of $1.00 per mile for hauls between Brownsville, Texas, Columbia, Missouri, and St. Augustine, Florida. Invoices indicate that the shipments began on January 11, 1988, and concluded on December 11, 1989. During all of 1988 and 1989, the period in which all shipments were made pursuant to the contract, Plaintiff had on file with the Interstate Commerce Commission (ICC) a filed tariff rate of $1.25 per mile.

Pursuant to the agreement between the parties, Plaintiff shipped and billed Defendant at the agreed upon rate of $1.00 per mile and Plaintiff tendered payment for all shipments in accordance with their agreement. The Plaintiff on January 17, 1991, April 17, 1991, and May 1, 1991 sought to recover from the Defendant the difference between the agreed upon rate of $1.00 per mile and the tariff rate of $1.25 per mile by way of demand letters. The Defendant denied any obligation under their contract with the Plaintiff and refused to pay the amount demanded.

On June 25, 1991, Plaintiff filed suit against the Defendant seeking One hundred, Eighty thousand, Six hundred and

Forty dollars and Five cents ($180,640.05) [1], pre-judgment interest at the lawful rate from the date of the last shipment under the contract and post-judgment interest and attorneys fees. In response, Defendant alleged in relevant part that Plaintiff's claims are barred by the statute of limitations, that the tariff rate urged by Plaintiff is unreasonable and that pursuant to the Interstate Commerce Act, 49 U.S.C. § 11701(a) the ICC has primary jurisdiction to determine whether the tariff rate filed by Plaintiff is reasonable.[2]

On October 28, 1991, Defendant filed a Motion for Leave to File an Amended Answer and Counterclaims alleging that on eleven separate occasions during 1988 and 1989 Plaintiff "double billed" Defendant for shipping the same goods by submitting the same shipping order for payment using two different invoice numbers. Defendant alleges that Plaintiff's alleged conduct constitutes fraud and a violation of TEX.BUS. & COMM.CODE §§ 17.46(b)(2), 17.46(b)(4), 17.46(b)(5), 17.46(b)(7), 17.46(b)(12), 17.-46(b)(21), and 17.50(a)(3), Deceptive Trade Practices Act (DTPA).

On September 17, 1992, a hearing was held wherein counsel for both parties appeared before this Court. Pursuant to oral argument on pending motions this Court took all matters under advisement and now enters the following Order.

## MEMORANDUM AND ORDER

### MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS;

### MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO STATE SUFFICIENT CLAIMS;

### AND

### MOTION FOR MORE DEFINITE STATEMENT

■ Defendant has moved this Court to grant it leave to file an amended answer and counterclaims against Plaintiff in this action. Rule 15(a) of the Federal Rules of Civil Procedure provides that with leave of court a party may file an amended pleading and that leave "shall be freely given when justice so requires."

Defendant has specifically alleged that on eleven separate occasions during 1988 and 1989 Plaintiff "double billed" Defendant for shipping the same goods by submitting the same shipping order for payment using two different invoice numbers. Defendant alleges that Plaintiff's alleged conduct constitutes fraud and a violation of TEX.BUS. & COMM.CODE ANN. §§ 17.-46(b)(2), 17.46(b)(4), 17.46(b)(5), 17.46(b)(7), 17.46(b)(12), 17.46(b)(21), and 17.50(a)(3). Discovery of the billing discrepancies required a close review of the invoices pertaining to some 635 separate shipments. This Court recognizes the magnitude of this task and is sensitive to the fact that to preclude Defendant from amending its pleading would prohibit the Defendant from asserting an affirmative defense to specific claims asserted by Plaintiff and would further prohibit Defendant from asserting its claims for recoupment as to the eleven shipments in which it was allegedly "double billed".

This Court having reviewed all relevant pleadings pertaining to this matter finds the Defendant's claims to be meritorious and in the interest of justice ORDERS that the Defendant be GRANTED leave to file an amended answer and counterclaims in this action.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a claimant shall set forth a short and plain statement of his claim showing that he is entitled to relief. Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

Defendant's amended pleading has specifically set forth those shipments which

1. On November 14, 1991 Plaintiff filed a Supplemental Motion for Summary Judgment against Defendant seeking a total adjusted amount of One hundred, Seventy Two thousand, Seven hundred and Three dollars and Five cents ($172,703.05).

2. Defendant reurges each of these issues in its First Amended Answer.

were allegedly "double billed" and has provided Plaintiff with invoice numbers. Furthermore, Defendant specifically pleads that it seeks and is entitled to relief pursuant to a common law fraud action and the DTPA TEX.BUS. & COMM.CODE ANN. §§ 17.46, and 17.50.

The Fifth Circuit Court of Appeals held, in *Auster Oil & Gas, Inc., v. Stream,* 764 F.2d 381, 386 (5th Cir.1985), that Rule 8 of the Federal Rules of Civil Procedure has swept-aside the "hypertechnical pleading rules that once defeated many an unwary but meritorious claimant; it requires nothing more than a plain recitation of the facts that a party believes entitles her to relief." In the case at bar the degree of specificity with which the Defendant has plead its counterclaims has permitted Plaintiff to investigate the allegations [3] and pursuant to such investigations acknowledge the existence of double billing as to 8 of the 11 shipments.[4] Therefore it is the opinion of this Court that Defendant has plead with a degree of specificity sufficient to give Plaintiff notice of all claims asserted against it.

Accordingly, this Court ORDERS that both the Plaintiff's Motion to Dismiss Counterclaims for Failure to State Sufficient Claims and Motion for More Definite Statement be DENIED.

## MOTION FOR SUMMARY JUDGMENT

■ In keeping with the objectives of Rules 54(c) and 56 of the Federal Rules of Civil Procedure the Fifth Circuit has mandated expeditiously disposing of cases by granting the relief which a party is entitled to even in instances where the party has not affirmatively requested such relief in their pleadings. In the case at bar, Defendant claims that on eleven separate occasions it was double billed for shipments performed by Plaintiff. Plaintiff in its pleadings has acknowledged the existence of double billing as to eight of the eleven shipments.[5] When one party to a civil action moves for a summary judgment a district court "may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment." *Landry v. G.B.A.,* 762 F.2d 462, 464 (5th Cir.1985).

In the case at bar Plaintiff has filed a Motion for Summary Judgment and Defendant has not. However, the pleadings reflect that Defendant has alleged and Plaintiff has acknowledged the existence of double billing as to eight shipments. Therefore, in an effort to expedite the resolution of this case, this Court hereby ORDERS that Defendant be GRANTED a summary judgment sua sponte. *Matter of Caravan Refrigerated Cargo, Inc.,* 864 F.2d 388, 393 (5th Cir.1989). Plaintiff is hereby ORDERED to reimburse Defendant for all payments corresponding to the following invoices # 20227, # 20922, # 21549, # 21546, # 25986, # 26322, # 26372, and # 27104.

## STATUTE OF LIMITATIONS

■ Plaintiff's civil action, arising under Title 49 U.S.C. §§ 10761 and 10762, is subject to procedural limitations as set forth in § 11706 which provides in relevant part:

(a) A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under chapter 105 of this title or a freight forwarder must begin a civil action to recover charges for transportation or service provided by the carrier or

---

**3.** See Bur–Cold's Reply to Defendant's Counterclaims filed on November 4, 1991.

**4.** See Supplemental Motion of Bur–Cold Express, Inc. for Summary Judgment Against Defendant Parker Hannifin Corporation filed November 14, 1991.

**5.** Invoice # 20061 dated 03/10/88
Invoice # 20227 dated 03/28/88
Invoice # 20921 dated 05/25/88
Invoice # 20922 dated 05/25/88

Invoice # 21472 dated 06/30/88
Invoice # 21549 dated 07/14/88
Invoice # 21431 dated 06/30/88
Invoice # 21546 dated 07/14/88
Invoice # 25633 dated 05/26/89
Invoice # 25986 dated 06/30/89
Invoice # 26133 dated 07/20/89
Invoice # 26322 dated 08/08/89
Invoice # 26220 dated 07/31/89
Invoice # 26372 dated 08/12/89
Invoice # 26980 dated 10/10/89
Invoice # 27104 dated 10/19/89

freight forwarder within 3 years after the claim accrues ...

(g) A claim related to a shipment of property accrues under this section on **delivery or tender of delivery by the carrier.**

Plaintiff filed for Bankruptcy protection under Chapter 11 on February 12, 1988, in the United States Bankruptcy Court for the Southern District of Texas. In accordance with 49 U.S.C. § 11706 Plaintiff argues that the statute of limitations began to run from the moment the claim accrued at the time of delivery. However, Plaintiff further argues that pursuant to 11 U.S.C. § 108(a) all applicable limitation periods were tolled for two years, and the three year statutory limitation period recommenced running at the end of the two year tolling period on February 12, 1990.

Upon review of all applicable statutes, this Court is of the opinion that Plaintiff has misinterpreted the express language of Title 11 U.S.C. § 108(a) and rules accordingly.

Entitled "Extension of Time" 11 U.S.C. § 108(a) states:

(a) If applicable nonbankruptcy law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on of after the commencement of the case; or

(2) two years after the order for relief.

In the case at bar the "applicable nonbankruptcy law" (49 U.S.C. § 11706) provides that Plaintiff—as a debtor in possession[6]—had three years to assert its claim from the date each shipment of goods was "delivered or delivery was tendered" or within two years from February 12, 1988, to assert its claim, the date on which Plaintiff filed for bankruptcy and an order for relief was entered, whichever is later.

There is no provision within § 108(a) for a two year tolling of the limitations period provided for by "applicable nonbankruptcy law."

Plaintiff, filed this civil action on June 25, 1991. Having failed to assert its claim within the two year window from the date in which the Order for Relief was entered, this Court finds that all claims arising from shipments in which the shipped goods were delivered or delivery was tendered prior to June 25, 1988 are barred by the statute of limitations and ORDERS that all such claims be DISMISSED.

## MOTION TO STAY PROCEEDINGS AND ORDER TRANSFER

■ In response to Plaintiff's Original Complaint, Defendant contends that Plaintiff's filed tariff rate is unreasonable and as such Plaintiff should be precluded from recovering the difference between the filed tariff rate and the agreed upon shipping rate. In its Motion to Stay Proceedings and Order Transfer, Defendant argues that pursuant to 49 U.S.C. §§ 10701(a) and 10704(a) the ICC has primary jurisdiction over disputes involving whether a rate charged is reasonable. Accordingly, Defendant moves this Court to transfer to the ICC all matters regarding the issue of reasonableness as they pertain to Plaintiff's filed tariff rate. Pending a determination by this Court the Defendant further moves this Court to stay all proceedings.

In *Maislin Industries, U.S., Inc., et al. v. Primary Steel, Inc., et al.,* 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), the Supreme Court addressed the issue of "negotiated rates." From 1981 to 1983, Quinn Freight Lines, a motor common carrier and a subsidiary of Maislin Industries, privately negotiated interstate shipment rates with Primary Steel, that were lower than Quinn's filed rates. Quinn never filed the negotiated rates with the ICC. The Court held that the filed rate, not the negotiated rate, governs the legal rights of a shipper

---

**6.** As a voluntary bankruptcy petitioner, Plaintiff was a debtor in possession. Title 11 U.S.C. § 1107 states that "a debtor in possession shall ·have all the rights, ... and powers, and shall perform all the functions and duties, ... of a trustee serving in a case under this chapter."

against a carrier. *Id.* at 126, 110 S.Ct. at 2765. Irrespective of the sometimes harsh effects arising from the application of the "filed rate doctrine" the Court went on to hold that 49 U.S.C. §§ 10761, 10762, and 10741 forbid equitable defenses to the collection of a filed tariff including the shipper's ignorance of the carrier's misquotation of applicable rates. *Id.* at 126–27, 110 S.Ct. at 2765–66. However, in consideration of 49 U.S.C. § 10701 [7] the Court stressed that filed tariff rates were not enforceable if found to be unreasonable by the ICC and instructed the district court that the issue of reasonableness was open for exploration on remand. *Id.* at 128–29, 110 S.Ct. at 2766–67.

Subsequent to *Maislin,* the Fifth Circuit Court of Appeals in *Advance United Expressways, Inc., v. Eastman Kodak Company,* 965 F.2d 1347 (5th Cir.1992), examined the roles of the ICC and the district courts when the reasonableness of a tariff rate is at issue. The facts arising from *Advance* are in relevant part identical to those in the case at bar. Advance United Expressways, Inc. (Advance) hauled cargo for the Eastman–Kodak Company (Kodak) at rates below the rates in some of the tariffs Advance posted with the ICC. Upon receiving a bill for "undercharges," or the difference between the amount paid and the applicable tariff price, on approximately 7,596 freight bills Kodak sought a declaratory order from the ICC declaring Advance's rates and practices unreasonable.

In *Advance,* the Fifth Circuit held that issues concerning the reasonableness of a filed tariff rate require resolution before a judgment can be entered, "consequently, unreasonableness of the rate necessarily is a proper defense to raise against the collection of the undercharges." *Advance,* 965 F.2d at 1352. In accordance with the primary jurisdiction doctrine the court noted that "[w]here the reasonableness of a tariff rate is at issue, the primary jurisdiction doctrine compels that 'there *must* be preliminary resort to the Commission.' " *Id.*

at 1353, quoting *Southern Pacific Transport Co. v. City of San Antonio, Texas,* 748 F.2d 266, 272 (5th Cir.1984). "Only if the district court finds that it can resolve the issues before it, using the plain language of the tariffs and the ordinary rules of construction, should the court then proceed to resolve the issues without referral to the Commission." *Advance,* 965 F.2d at 1353.

Pursuant to the court's ruling in *Advance,* Plaintiff argues that although this Court has the authority to transfer issues of tariff reasonableness to the ICC, it is not required to do so and in fact should not in instances where the shipper has failed to raise properly the issue of reasonableness in its pleadings. While Plaintiff acknowledges Defendant's filing of affidavits setting forth the shipping rates of other carriers the Plaintiff argues that Defendant has failed to address Plaintiff's "operating costs" as required by 49 U.S.C. § 10701(e). (Record from hearing held before this Court on September 17, 1992.)

Defendant has favored this Court with the affidavit of a former employee Phil Cressman as well as correspondence from Plaintiff which reflect that both Plaintiff and Defendant negotiated rates for the services to be rendered. The pleadings reflect that this negotiated rate was in fact billed and received. Defendant has further favored the Court with documents evidencing rates which were charged by other haulers during the relevant period each of which supports their position that the filed tariff rate was in fact unreasonable. While rate comparisons alone may be insufficient by themselves to support a *finding* by the ICC of rate unreasonableness, *The American Envelope Co. v. A.H. Truck Line, Inc.,* 364 ICC 716 (1981) it is undoubtedly a factor which, in conjunction with other evidence of rate unreasonableness, should be afforded close consideration in addressing the *issue* of whether a filed tariff rate is unreasonable. Therefore, this Court, having given close consideration to all of the evidence

---

**7.** Title 49 U.S.C. § 10701(a) provides in relevant part that "[a] rate ... related to transportation or service provided by a carrier subject to the jurisdiction of the Interstate Commerce Commission ... must be reasonable."

presented, finds that Defendant has met its burden of raising an issue of reasonableness with regard to Plaintiff's filed tariff. Having made such a finding this Court hereby ORDERS the issue be transferred to the ICC pursuant to the primary jurisdiction doctrine. Upon return of the referred issue from the ICC this Court shall afford the "appropriate review" and address all remaining matters. *Advance United Expressways, Inc., v. Eastman Kodak Company*, 965 F.2d 1347, 1353. Accordingly, his Court further ORDERS that all other proceedings in this action are STAYED pending a determination of the reasonableness of Plaintiff's filed tariff.