**FREIGHTCOR SERVICES, INC.,**
Plaintiff–Appellant,

v.

**KUHLMAN CORPORATION ELECTRI-
CAL GROUP/Distribution Transformer
Division, Defendant–Appellee.**

No. 93–5227.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 25, 1994.

Decided July 18, 1994.

Paul O. Taylor (briefed), Harris & Taylor, Minneapolis, MN, Ernest V. Thomas, III, Thomas & Thomas, Covington, KY, David G. Sperry, Independence, MO, for plaintiff-appellant.

Philip M. Frost, Mark K. Riashi (briefed), Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, John C. Darsie, Darsie & Elsie, Lexington, KY, for defendant-appellee.

Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Freightcor Services, Inc. ("Freightcor"), pursuant to 49 U.S.C. § 10761(a), filed suit against Kuhlman Corporation ("Kuhlman") to recover "undercharges" for interstate transportation services. The district court stayed its proceedings and referred the case to the Interstate Commerce Commission ("ICC") for determination of whether Freightcor had valid tariffs on file at the time it contracted with Kuhlman and whether those rates were "reasonable." Following the ICC's ruling that Freightcor had no valid rates on file, Kuhlman moved for summary judgment in the district court. The district court, on the basis of the ICC's decision, granted Kuhlman's motion. Freightcor appealed and we stayed our decision pending the United States Supreme Court's decision in *Security Services, Inc. v. Kmart Corp.*, —— U.S. ——, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994). In light of that decision, we lift our stay and **AFFIRM** the district court.

I.

Freightcor, as debtor-in-possession following its Chapter 11 bankruptcy filing, seeks a judgment for the difference between the rate it negotiated with Kuhlman and the rates Freightcor had on file with the ICC. Kuhlman defended on the grounds that Freight-

cor's published rates are unreasonable and were never effectively filed with the ICC.

The ICC determined that, because Freightcor's tariffs purported to "participate" in, *i.e.*, incorporate by reference, the mileage charts found in other tariffs, and because Freightcor had not filed a power of attorney or other concurrence with respect to those other tariffs, Freightcor's tariffs were void. *See* 49 C.F.R. § 1312.4(d).[1] Moreover, the ICC determined that, because Freightcor's failure to abide by the participation regulation predated its transactions with Kuhlman, Freightcor had no effective rates on file when it contracted to transport goods for Kuhlman. Because it determined that Freightcor had no valid rates on file, the ICC did not reach the issue of whether the rates Freightcor had attempted to file were "reasonable."

Kuhlman, upon receipt of the ICC's decision, moved for summary judgment in the district court on the grounds that, because Freightcor had no effective tariffs on file with the ICC, there could be no action for "undercharges" under 49 U.S.C. § 10761(a). The district court agreed and granted summary judgment.

## II.

Freightcor's central argument on appeal is that the ICC has no authority to "retroactively" void a tariff that had been accepted for filing without objection. Therefore, Freightcor concludes, the "filed rate doctrine" permits its suit for undercharges because its tariff, once filed, remains the applicable rate until it is held to be void. This argument has prevailed in some circuits, *see, e.g., Overland Express, Inc. v. ICC,* 996 F.2d 356 (D.C.Cir.1993), *cert. granted and judgment vacated,* —— U.S. ——, 114 S.Ct. 2095, 128 L.Ed.2d 658 (1994), and was recently adopted by this court in *Security Services, Inc. v. P–Y Transportation, Inc.,* 3 F.3d 966 (6th Cir.1993). Several circuits have rejected this argument, however, *see, e.g., Atlantis Express, Inc. v. Associated Wholesale Grocers, Inc.,* 989 F.2d 281 (8th Cir.1993);

*Freightcor Services, Inc. v. Vitro Packaging, Inc.,* 969 F.2d 1563 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993), resulting in a split among the circuits which the Supreme Court recently resolved in *Security Services, Inc. v. Kmart Corp.,* —— U.S. ——, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994).

In *Security Services,* the Court held that the ICC's determination that a carrier's filed rates were void for failure to file or maintain effective concurrences or powers of attorney did not constitute the type of "retroactive rejection" of a filed rate generally prohibited by *ICC v. American Trucking Assns.,* 467 U.S. 354, 104 S.Ct. 2458, 81 L.Ed.2d 282 (1984). *Security Services,* —— U.S. at ——, 114 S.Ct. at 1709. Instead, the Court held that the regulations were self-executing, rendering a filing fatally incomplete if participation documents were not filed and maintained. *Id.* In addition, the Court rejected the argument that such a failure constituted a mere "technical defect" such that the filed rates, though ineffective, could still serve as notice of the applicable tariff. *Id.* at ——, 114 S.Ct. at 1710. Finally, the Court rejected the carrier's attempt to invoke the "filed rate" doctrine to its advantage under these circumstances. The Court held that, just as a shipper may not rely upon a negotiated rate to prevent the application of validly filed tariff, a carrier is similarly prevented from relying upon an invalid tariff, incomplete on its face, to prevent the application of a negotiated rate. *Id.* at ——, 114 S.Ct. at 1708. The Court concluded:

> Trustees in bankruptcy and debtors in possession may rely on the filed rate doctrine to collect for undercharges, *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.,* 497 U.S. 116 [110 S.Ct. 2759, 111 L.Ed.2d 94] (1990), but they may not collect for undercharges based on filed, but void, rates.

*Id.* at ——, 114 S.Ct. at 1710.

In light of the Court's decision in *Security Services,* which expressly rejects

---

1. This regulation provides, in pertinent part:
   [A] carrier may not participate in a tariff issued in the name of another carrier or an agent unless a power of attorney or concurrence has been executed. Absent effective concurrences or powers of attorney, tariffs are *void as a matter of law.*
   49 C.F.R. § 1312.4(d) (emphasis added).

the position adopted by this court in *Security Services, Inc. v. P–Y Trans., Inc.*, 3 F.3d 966 (6th Cir.1993), we hold that Freightcor's failure to file and maintain the participation documents as required by ICC regulation rendered its filings fatally incomplete. Because Freightcor had no valid tariff on file with the ICC, there is no basis for its "undercharges" suit against Kuhlman.[2] Accordingly, the district court's grant of summary judgment in favor of Kuhlman is AFFIRMED.

---

2. Freightcor argues that, even if its filed rates were void *ab initio*, this case should again be referred to the ICC for a determination of a "reasonable rate" which, if higher than its negotiated rate, could still serve as the basis for an undercharges suit. Freightcor's failure to raise this issue in the district court, indeed its failure to file *any* response to Kuhlman's motion for summary judgment, obviates the need for us to address this issue. We note, however, as did the Third Circuit, that this argument is based upon a highly "questionable" reading of 49 U.S.C. § 10701(a). *Security Services, Inc. v. K Mart Corp.*, 996 F.2d 1516, 1526 (3d Cir.1993), aff'd, —— U.S. ——, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994).