**In re R.W. JOYCE TRUCKING COMPANY, INC., Debtor.**

**Edwin H. FERGUSON, Jr., Trustee for Joyce Trucking Company, Inc., Plaintiff,**

v.

**MOHASCO CORPORATION and Mohawk Carpet, Defendants.**

**Bankruptcy No. B–90–14043C–7W. Adv. No. 93–2050.**

United States Bankruptcy Court, M.D. North Carolina, Winston–Salem Division.

March 13, 1995.

---

Robert E. Price, Winston–Salem, NC, for trustee.

Joseph F. McNulty, Jr., Greensboro, NC, for defendants.

## MEMORANDUM OPINION

WILLIAM L. STOCKS, Bankruptcy Judge.

The plaintiff in this adversary proceeding is the Trustee for R.W. Joyce Trucking Company, Inc. ("Joyce"), which, prior to its bankruptcy, was a motor common and contract carrier regulated by the Interstate Commerce Commission. The defendants, Mohasco Corporation and Mohawk Carpet, are former customers of Joyce for whom Joyce hauled freight while Joyce was engaged in business. Plaintiff seeks to recover $88,987.38, the amount which Plaintiff alleges Joyce undercharged Defendants, based upon the applicable tariff rates which were effective with respect to the shipments for Defendants. Defendants deny any liability to Plaintiff and have raised a number of affirmative defenses. Plaintiff and the Defendants have each moved for summary judgment and this adversary proceeding is before the court for hearing upon these motions.

## I. Standard for Granting Summary Judgment.

Summary judgment is appropriate when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986);

*Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994).

The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the moving party makes a sufficient showing, the non-moving party must present affirmative evidence demonstrating that there are genuine issues of material fact which must be resolved before its claim can be decided. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1987). If the non-moving party fails to make such an affirmative showing and there is no genuine issue of material fact, summary judgment is appropriate. FED. R.CIV.P. 56(e).

## II. Defendants' Defense Regarding the Validity of the Filed Tariff.

The Trustee's claim for undercharges is premised on the "filed rate doctrine" as articulated by the Supreme Court in *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990). Under this doctrine, shippers must pay the tariff rate that the common carrier has on file with the Interstate Commerce Commission ("ICC") regardless of any separately negotiated contract rate. *Id.* at 123, 110 S.Ct. at 2766. The purpose of the doctrine is "to ensure that rates are both reasonable and nondiscriminatory." *Id.* at 119, 110 S.Ct. at 2762.

Defendants claim that the Trustee cannot recover the alleged undercharges because Joyce did not have a valid common carrier tariff on file with the ICC. Under ICC Regulations, a carrier has some choice about the form in which its states its tariff rates, including one in which the rate is based on mileage, such as the tariff filed by Joyce. A mileage-rate tariff consists of two parts: (1) the dollar rate that a carrier charges per mile, and (2) the distance in miles between various points of origin and destination. 49 C.F.R. § 1312.30 (1993); *Security Services, Inc. v. Kmart Corp.*, —— U.S. ——, ——, 114 S.Ct. 1702, 1706, 128 L.Ed.2d 433 (1994). The tariff filed by Joyce included only the

first required component, the dollar rate it would charge per mile for various destinations. For the distance component of its mileage-based tariff, Joyce relied upon the Household Goods Carriers' Bureau ("HGCB") Mileage Guide, its supplements, and subsequent issues.[1] The mileage guide in this tariff specifies the distances in miles between various points of origin and destination.

A carrier may refer to a tariff filed by another carrier or by a tariff agent such as HGCB only by formally "participating" in the referenced tariff. 49 C.F.R. § 1312.27(e) (1994). In order to participate in a tariff issued in the name of another entity, the carrier must execute a power of attorney or concurrence in accordance with 49 C.F.R. § 1312.4(d) (1994).[2] In the absence of an effective concurrence or power of attorney, the tariff reference is void as a matter of law. 49 C.F.R. § 1312.4(d) (1994). Tariff agents such as HGCB are required to identify participating carriers by listing their names either in the tariff containing the mileage guide or in a separate tariff. 49 C.F.R. §§ 1312.13(c); 1312.25 (1994).

■ At the summary judgment hearing, Defendants relied upon the affidavit of transportation consultant Michael Bange as well as copies of the HGCB Mileage Guide.[3] This evidence shows that Joyce was not listed among the legal participants in the HGCB Mileage Guide. Joyce did not offer any evidence to contradict the evidence that it did not participate in the HGCB Mileage Guide. As a result, the tariff filed by Joyce lacked the essential component for mileage determination and is void as a matter of law under 49 C.F.R. § 1312.4(d).

The court now turns to the question of whether a bankruptcy trustee, in the shoes of a debtor-carrier, can recover undercharges pursuant to the debtor's filed tariff that refers to a mileage guide in which the debtor did not legally participate. In *Security Services, Inc. v. Kmart Corp.*, —— U.S. ——, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994), the Supreme Court concluded that a carrier cannot collect undercharges based on a filed but void tariff.

> When a carrier relies on a mileage guide filed by another carrier or agent, under ICC regulations the carrier must participate in the guide by maintaining a power of attorney; when a carrier fails to maintain its power of attorney ... the carrier's tariff is void. Trustees in bankruptcy and debtors in possession may rely on the filed rate doctrine to collect for undercharges, [citing *Maislin Industries* ], but *they may not collect for undercharges based on filed, but void, rates.*

*Id.,* —— U.S. at ——, 114 S.Ct. at 1710 (emphasis added). *See also Freightcor Services, Inc. v. Kuhlman Corporation Electrical Group*, 30 F.3d 43 (6th Cir.1994); and *East Coast Intermodal v. Sea–Barge Group*, 169 B.R. 451 (S.D.Fla.1994). In *Security Services*, the Supreme Court held that, just as a shipper may not rely upon a negotiated rate to prevent the application of a validly filed tariff, a carrier is prevented from relying upon an invalid tariff, incomplete on its face, to prevent the application of the negotiated rate. *Id.* at ——, 114 S.Ct. at 1708.

The tariff rate Joyce had on file with the Interstate Commerce Commission was void as a matter of law because Joyce was not a legal participant in the referenced mileage guide. *Security Services, Inc. v. Kmart*

**1.** The filed tariff upon which Joyce relies for these claims, ICC JOYR 200–A, provides the following:

> *"GOVERNING PUBLICATIONS*
> This tariff is governed, except as otherwise provided herein, by the following described tariffs, and by supplements or loose-leaf page amendments thereto or successive issues thereof:
> ▲ Mileage Guide No. 13, ICC HGB 100–B, issued by Household Goods Carriers' Bureau."

**2.** Section 1312.4(d) provides that "a carrier may not participate in a tariff issued in the name of another carrier or an agent unless a power of

attorney or concurrence has been executed. Absent effective concurrences or powers of attorney, tariffs are void as a matter of law."

**3.** The mileage guide was attached as an exhibit to Defendant's motion for summary judgment and incorporated into the Bange affidavit. The reference to the mileage guide in the affidavit constituted admissible testimony of a witness with knowledge sufficient to satisfy the identification requirements of Federal Rule of Evidence 901(b)(1). As the mileage guide documents would be admissible at trial, it is appropriate to consider them at the summary judgment stage.

*Corp.,* —— U.S. ——, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994). Accordingly, the Trustee is not entitled to recover undercharges from Defendants in this case.

### III. Defendant's Plea of the Statue of Limitations.

Even if the undercharge claims survived the examination of the validity of the filed tariff, all but $2,715.74 of the $88,987.38 claimed would be precluded by the statute of limitations. Under 11 U.S.C. § 108(a), if the time within which an action may be commenced under applicable non-bankruptcy law has not expired before the date of the filing of the petition, a trustee may commence such an action only before the later of (1) the end of such nonbankruptcy limitation period; or (2) two years after the order for relief. This provision of the Bankruptcy Code may provide the trustee with an extension within which to file an action, but only if the non-bankruptcy limitation period has not expired by the petition date and the action is filed within two years as provided by § 108(a)(2). Defendants contend that the Trustee did not comply with § 108(a)(2) and that the Trustee does not get an extension of the applicable nonbankruptcy statue of limitations. Therefore, according to Defendants, all claims that arose more than three years before this adversary proceeding was filed are barred as a matter of law. For the reasons hereinafter stated, the court will rule that all freight charges that arose more than three years before this adversary proceeding was filed are barred as a matter of law.

The material facts are not in dispute. The underlying bankruptcy case was filed by Joyce as a Chapter 11 case on December 16, 1990. Joyce operated as a debtor-in-possession until June 29, 1992, on which date an order was entered converting the underlying case from Chapter 11 to Chapter 7 and appointing the Trustee. This adversary proceeding was filed by the Trustee on April 2, 1993. Thus, this adversary proceeding was filed within two years after the Trustee was appointed but more than two years after the order for relief in the case on December 16, 1990, the date on which the bankruptcy case was filed.

The Trustee argues that the court should follow *In re Bingham,* 139 B.R. 809 (Bankr. N.D.Miss.1991), which held that the two-year statute of limitations period under § 108 begins to run anew after conversion of a Chapter 11 case to Chapter 7 and the appointment of the Chapter 7 trustee. In reaching this result, the court in *Bingham* acknowledged that such an interpretation was contrary to a strict, literal reading of § 108(a) in conjunction with § 348(a). *Id.* at 812. However, the court in *Bingham* decided that, despite the clear language of § 108(a) and § 348(a) (which specifically contemplates that the conversion of a case does not affect the date of the order for relief), equitable principles should control.

▇ Because the statutory language of § 108(a) and § 348(a) is plain and unambiguous, and because the result reached in *Bingham* is contrary to these statutory provisions, this court declines to follow the reasoning and result of the *Bingham* case. Instead, the court will adopt the reasoning and result of *In re Southern Intern. Co., Inc.,* 159 B.R. 192 (Bankr.E.D.Va.1993). As Judge Tice noted in that case, under § 348(a), the date of "the order for relief" for § 108(a) purposes is the date of the original filing. Further, this court agrees with the observation of Judge Tice in the *Southern Intern.* case that the decision in *Bingham* is "plainly at variance with § 348(a)." *Id.* at 194, n. 5. *See also In re Matter of Howe Grain Inc.,* 176 B.R. 515, 520 (Bankr.D.Neb.1994) ("The reasoning in *Bingham* runs counter to the express language of § 108(a)(2)").

A comparison of § 108(a) to § 546(a) provides further support for the conclusion that under § 108(a) the critical date is the date of the order for relief rather than the date of a subsequent appointment of a Chapter 7 trustee. Section 546(a) sets forth time limitations for the institution of avoidance actions. In that regard, § 546(a) provides that an action for avoidance may not be commenced after "the earlier of—

(1) the later of—

(A) two years after the order for relief; or

(B) one year after the appointment of the ... trustee; or

(2) the time the case is closed or dismissed."

This statutory language clearly reflects that Congress could, and did, draft a section which provided for extending the statute of limitations when a case is converted and a trustee is appointed. Such language, of course, was omitted when Congress drafted § 108(a). *See In the Matter of Howe Grain, Inc., supra.* at 520 ("Congress understood how to draft a limitations period to commence upon the appointment of the trustee, as is evident in § 546(a)."); and *In re Southern Inter. Co., Inc., supra* at 193, n. 3 (finding that § 108 applied, and not the different period provided by § 546(a) since the trustee was not asserting an avoidance action, but instead was inserting a cause of action arising under state law).

Finally, as the Court of Appeals pointed out in *In re Maxway,* 27 F.3d 980 (4th Cir.1994):

"[s]tatutory interpretation necessarily begins with an analysis of the language of the statute. [citations omitted]. If the language is plain and 'the statutory scheme is coherent and consistent,' there is no need to inquire further [citations omitted]. 'The sole function of the courts is to enforce the statute according to its terms.' [citations omitted]. Therefore, courts should venture beyond the plain meaning of the statute only in those rare instances in which there is a clearly expressed legislative intent to the contrary. [citations omitted]." *Id.* at 982.

In this case, the statutory language is plain and no grounds exists for this court to "venture beyond the plain meaning" of § 108(a). Accordingly, the court must reject Plaintiff's contention regarding § 108(a) and find that, based upon the undisputed facts, this adversary proceeding was not filed within two years after the order for relief in the underlying bankruptcy case. It follows as a matter of law that § 108(a) therefore does not extend the nonbankruptcy statutory of limitation which is applicable to the claim asserted by Plaintiff against Defendants.

In this adversary proceeding, the applicable nonbankruptcy statute of limitation is found in 49 U.S.C. § 11706, which, in pertinent part, provides as follows:

"(a) A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under Chapter 105 of this Title or a freight forwarder must begin a civil action to recover charges for transportation or service provided by the carrier or freight forwarder within three years after the claim accrues...."

This section also deals with when a claim to recover charges for transportational services accrues. In that regard, 49 U.S.C. § 11706(g) provides as follows:

"A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the carrier."

The result of reading § 11706(a) and § 11706(g) together is that a motor carrier has three years from the date each shipment of goods was "delivered or delivery was tendered" within which to sue for the recovery of charges for transporting such goods. The same rule is applicable to the Trustee in this case since the Trustee stands in the shoes of the carrier, Joyce.

It follows that Plaintiff's claim for each shipment which was delivered more than three years prior to April 2, 1993, is barred pursuant to 49 U.S.C. § 11706. *See Bur–Cold Express, Inc. v. Parker Hannifin Corp.,* 808 F.Supp. 553 (S.D.Tex.1992). The undisputed facts in this case include the date on which each shipment of goods involved in Plaintiff's claim was delivered. Based upon the undisputed delivery dates of the various shipments which comprise Plaintiff's claim, Plaintiff is barred by the statute of limitations from recovery of $86,271.64, which is the total of the charges for shipments delivered more than three years prior to April 2, 1993. Thus, even if the entire claim were not barred because of the absence of a valid tariff, $86,271.64 out of the $88,987.38 sued for would be barred by the statute of limitations.

Contemporaneously with the filing of this opinion, a summary judgment will be entered in accordance with this opinion in favor of the

defendants dismissing this adversary pro-
ceeding with prejudice.