In re SOUTHERN INTERNATIONAL COMPANY, INC., Debtor.

Kevin R. HUENNEKENS, Trustee, Plaintiff,

v.

Neville Vere NICOLL, Defendant.

Bankruptcy No. 90–33913–S.
Adv. No. 93–3068–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 13, 1993.

Samuel W. Hixon, III, Williams, Mullen, Christian & Dobbins, Richmond, VA, for defendant.

Lawrence H. Framme, III, LeClair, Ryan, Joynes, Epps & Framme, Richmond, VA, for Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on July 16, 1993, on the motion of defendant Neville Vere Nicoll to dismiss count II of plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(6).

The motion to dismiss was based upon two arguments, (1) that the debtor's bankruptcy trustee lacked standing to bring the action and (2) that the complaint was time-barred when filed on April 5, 1993.

At the conclusion of the hearing, the court ruled that the complaint was time-barred and granted the motion to dismiss.[1] This opinion supplements the court's bench ruling.

### Facts

An involuntary chapter 7 petition was filed against the debtor on December 7, 1990. An order for relief was entered on January 3, 1991, and the case was converted to a chapter 11 on that same date. On April 5, 1991, the case was reconverted to a chapter 7; Kevin R. Huennekens was appointed trustee on that same date and continues to serve.

On April 5, 1993, the trustee filed a complaint against the defendant; count II of the complaint alleged a breach of defendant's fiduciary duty to the debtor for which the trustee sought damages approximating $1,000,000.00. A suit for breach of fiduciary duty arises under Virginia law, and the statute of limitations for filing suit is one year. The one year limitations period for this cause of action had not expired on December 7, 1990, the date of the filing of the involuntary bankruptcy petition.

---

1. Because of the ruling made, the court found it unnecessary to rule on the standing issue. However, it is the court's opinion that the trustee did have standing to bring count II of the complaint.

### Position of the Parties

TRUSTEE

The trustee contends that 11 U.S.C. § 108(a) extends any applicable statute of limitations to a minimum of two years after the order for relief. He argues that pursuant to 11 U.S.C. § 348(a) the date of conversion from chapter 11 to chapter 7, April 5, 1991, should be considered the date of the order for relief for the purpose of calculating any limitation periods against the trustee. Thus, the April 5, 1993, filing of the complaint was timely, since it occurred within two years after the date of the chapter 7 order for relief.

NICOLL

■ The defendant agrees that conversion from chapter 11 to chapter 7 constitutes an order for relief under chapter 7 pursuant to § 348(a). However, that same code section specifies that, except as provided in §§ 348(b) and (c), conversion does not change the date of the filing of the petition, the commencement of the case, or the order for relief. Therefore, the date of the order for relief for purposes of § 108(a) remained January 3, 1991.

Since the trustee did not file his complaint until April 5, 1993, more than two years after the date of the order for relief, it is time-barred by § 108(a).

### Discussion and Conclusions of Law

The defendant has asserted that an action for breach of fiduciary duty under Virginia law must be brought within one year. The plaintiff accepted this limit for the sake of his argument, and the court proceeds under this assumption. Thus the one year limitations period would have expired, at the latest, within one year of the filing of the bankruptcy petition unless extended by the bankruptcy code.

■ Section 108(a) does provide for an extension of statutes of limitation. If the limitation period has not expired prepetition, it is extended for at least two years after the order for relief.[2]

It is undisputed here that the cause of action in count II of the trustee's complaint was not time-barred at the time the petition was filed. Thus, the issue in this case is narrowed to whether the trustee filed the complaint within two years after the "order for relief" as required by § 108(a).

Conversion from one chapter to another under the bankruptcy code "constitutes an order for relief under the chapter to which the case was converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a).

Since these dates are unaffected by the conversion of this case from chapter 11 to chapter 7, the date of the order for relief in this case remains January 3, 1991, the date of the chapter 11 order for relief, and is not April 5, 1991, the date of conversion to chapter 7.

As a result, the trustee had two years from January 3, 1991, in which to file the cause of action in count II. The April 5, 1993, filing is outside the limitation, and this cause of action must be dismissed.

The trustee argues that because conversion from one chapter to another constitutes an order for relief under § 348(a), the date of his appointment as trustee should begin the two year extension period.[3] This

---

**2.** If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such Period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

11 U.S.C. § 108(a).

**3.** It should be noted that a trustee has two years from his appointment to commence certain enumerated actions or proceedings. *See* 11 U.S.C. § 546(a). However, § 546(a) is inapplicable here since the defendant's alleged breach of fiduciary duty to the debtor arises only under Virginia law and is not one of the specified actions under § 546(a).

argument is based upon the practicalities of administering a bankruptcy case.[4] As the law stands, based upon my analysis, the two year limitations period could already have been expired when a case is converted to chapter 7 and the trustee appointed. I agree with the trustee that the statute *should* be as he argues. Unfortunately, it rather clearly is not.[5]

A separate order has been entered.

[4]. When faced with two possible interpretations of the bankruptcy code and rules I prefer to choose the interpretation which does not ignore the realities of the bankruptcy process. *LaRossa v. Leydet (In re Leydet)*, 150 B.R. 641, 644 (Bankr.E.D.Va.1993).

In that case, I held that Fed.R.Bankr.P. 4003(b), which provides that objections to exemptions may be filed within 30 days after the meeting of creditors, includes the meeting of creditors held after a case is converted from chapter 11 to chapter 7. Thus, a new objection period ensued when the debtors' case was converted from chapter 11 to chapter 7, and the trustee and creditors had a full 30 days from the chapter 7 meeting of creditors to file any objections. To rule otherwise would deprive the trustee of any meaningful opportunity to object to a debtor's exemptions in a converted case. *In re Leydet*, 150 B.R. at 644. Moreover, I indicated in that case that § 348(a) "provides that sections of the bankruptcy code that are keyed to entry of the order for relief are unaffected by conversion." *In re Leydet*, 150 B.R. at 642.

No luxury of two possible interpretations of the bankruptcy code and rules exists here since the relevant time period under § 108(a) is keyed to the date of the entry of the order for relief and requires dismissal of the trustee's second cause of action.

[5]. One court has relied on its equitable powers and applied the "discovery rule" in allowing the extension period of Code § 108(a)(2) to begin

from the date of the trustee's appointment. *See Pongetti v. Lee (In re Bingham Systems, Inc.)*, 139 B.R. 809, 811–814 (Bankr.N.D.Miss.1991). The trustee filed an action 20 months after appointment, and one month after the deadline outlined in Code § 108(a). *Id.* at 811. One distinguishing feature in *Bingham* is that "the trustee encountered significant difficulties in obtaining access to the debtor's business records." *Id.* at 812. This circumstance is not present here.

Actually, in *Bingham* the court found no support for a "discovery rule" in the Code. The court stated:

Quite frankly, the defendant's argument [identical to Nicoll's contention in this case] is persuasive when one reads the statutory language rigidly....

To conclude this issue, however, the court must turn to an equitable principle [a "discovery rule"] which simply cannot be ignored. *Id.* at 812–13.

While *Bingham* seems to reach an equitable result, I find it plainly at variance with § 348(a). Moreover, our case is distinguishable from *Bingham*. There is no evidence of any difficulty encountered by the trustee in obtaining the debtor's business records. In addition, the action is based on Virginia law, which specifies that the "discovery rule" is inapplicable, except in certain enumerated cases which do not include breach of fiduciary duty. *See* Va.Code Ann. § 8.01–230 (Michie 1992).