[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11820
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02154-CV-T-17-MSS

LATASHA RELIFORD,

Plaintiff-Appellant,

versus

CITY OF TAMPA HOUSING AUTHORITY,
RAY SNELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 3, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant, Latasha Reliford ("Reliford"), appeals the district court's denial of her motion for leave to file a second amended complaint. Reliford also appeals the district court's denial of her Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.

We review a district court's order denying a motion for leave to amend for abuse of discretion. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999). "To the extent that denial of leave to amend is based on futility, . . . we review such denial independently," *id.*, "review[ing] *de novo* the underlying legal conclusion of whether a particular amendment to the complaint would be futile[,]" *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).

We review the denial of a Rule 59 motion for abuse of discretion. *Lockard v. Equifax, Inc.,* 163 F.3d 1259, 1267 (11th Cir. 1998) (citing *O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir. 1992)).

After reviewing the record and reading the parties' briefs, we hold that the district court did not abuse its discretion in denying Reliford's motion for leave to file her second amended complaint. The district court denied the motion for leave to amend on the grounds that the proposed amendment "is a transparent attempt to get around the immunity problem raised by the motion to dismiss," and because the court found the proposed amendment was made in bad faith. (R. Doc. 10 at 3.)

We conclude that the district court correctly denied the motion for leave to amend based on its finding of bad faith with regard to Reliford's claim for libel and slander. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a district court need not allow an amendment where there has been bad faith on part of the movant). Moreover, we cannot say that the district court abused its discretion in denying the motion for leave to amend as to the remaining counts of the proposed second amended complaint based on futility. The district court correctly found that those counts would not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

Finally, we agree with the district court that the arguments in Reliford's Rule 59(e) motion are meritless and therefore hold that the district court did not abuse its discretion in denying the motion.

For the foregoing reasons, we affirm the district court's orders denying Reliford's motion for leave to file a second amended complaint and motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

**AFFIRMED.**