[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11129
Non-Argument Calendar

_____

D. C. Docket No. 08-00018-CV-CDL-4

ZACKARY KALEOKALANI SALAS,

Plaintiff-Appellant,

versus

M. LINDA PIERCE,
Clerk of Court,
BOBBY RUSSELL,
Court Reporter,
ALONZO WHITAKER,
THOMAS C. FAGERBURG,
COLUMBUS POLICE DEPARTMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 23, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Zackary Kaleokalani Salas, a Georgia state prisoner, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action, under 28 U.S.C. §§ 1915A and 1915(e)(2). In his § 1983 complaint, Salas alleged the following: (1) the City of Columbus Police Department arrested him without probable cause; (2) the Assistant District Attorney failed to provide him with discovery documents he requested; (3) his attorney and the Assistant District Attorney conspired to withhold documents to coerce him into pleading guilty; (4) the superior court judge failed to advise him of his appeal rights and the statute of limitations on appeal; (5) the superior court refused to respond to his motions; (6) the State of Georgia failed to ensure his documents were filed or provide him with notice of the statute of limitations; (7) the court reporter refused to provide him with copies of his transcript; and (8) the clerk refused to provide him with copies of his record.

## I.

On appeal, Salas argues that the district court erred in dismissing his complaint for failure to state a claim upon which relief may be granted because he alleged constitutional violations in his complaint. Further, Salas contends that

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), does not bar his § 1983 action because his claims would not imply the invalidity of his conviction.

We conduct a *de novo* review of a district court's decision to dismiss a complaint for failure to state a claim under 28 U.S.C. § 1915A, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *cert. denied,* 127 S. Ct. 1908 (2007). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (quoting *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

"To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him or] her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). The Supreme Court in *Heck v. Humphrey* held that a state prisoner could not bring a claim for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S. Ct. at 2372. If it would, the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. "But if, the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*. at 487, 114 S. Ct. at 2372-73.

Further, we have stated that "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dyer v. Lee*, 488 F.3d 876, 879-880 (11th Cir. 2007). We have allowed § 1983 suits for claims of excessive force by police and for claims of Fourth Amendment search and seizure violations, concluding that these suits did not necessarily imply the invalidity of the underlying convictions. *See Dyer*, 488 F.3d at 881-82 (permitting a plaintiff convicted of resisting arrest to bring a § 1983 claim for excessive force by police); *Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003) (allowing a plaintiff convicted of burglary to bring a § 1983 claim for a Fourth Amendment search and seizure violation in the face of a *Heck* challenge).

Here, we conclude from the record that the district court properly found that *Heck* barred Salas's claim against the Assistant District Attorney for conspiring

4

with his counsel to coerce him into pleading guilty because Salas has not alleged that his sentence or conviction has been reversed on appeal, and a judgment in favor of Salas would necessarily call into question the validity of his guilty plea and his underlying conviction. *See Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372.

Contrary to the district court's conclusion, Salas's other claims are not *Heck*-barred because a favorable judgment with respect to these claims would not necessarily invalidate the underlying conviction. *See Dyer*, 488 F.3d at 879-880; *Hughes*, 350 F.3d at 1160-61. His claims against the clerks, court reporters, police department, State of Georgia, and superior court judge go to issues unrelated to his detention. *See id.* Therefore, "in the absence of some other bar to the suit," Salas would be allowed to bring these claims. *See Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372-73. We must next examine whether these remaining claims are barred by the statute of limitations.

## II.

Salas argues that the district court erred in finding that the statute of limitations barred his § 1983 claims and dismissing his complaint as frivolous. Salas asserts that equitable tolling should apply based on his "Motion for Stay to Join § 1983 Action and Invoke Supplemental Jurisdiction as Equitable Tolling to Bringing Suit to this Action," in which he requested the court toll the statute of

limitations for his § 1983 action while his state habeas petition was pending. Moreover, Salas asserts that he could not have brought his claim against the clerks and court reporters for failing to provide him with copies of his record until the court denied his federal habeas petition as untimely on May 22, 2007, because prior to that date he had not suffered an injury.

We review *de novo* a district court's ruling concerning the statute of limitations. *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999). As a preliminary matter, in regards to whether the court should have tolled the statute of limitations for Salas's § 1983 action, state law generally determines tolling rules. *Wallace v. Kato*, ___ U.S. ___, ___, 127 S. Ct. 1091, 1098-99, 166 L. Ed. 2d 973 (2007). Georgia law provides for statutory tolling for actions involving people who suffer from certain disabilities, unrepresented estates, people absent from the state, and cases of fraud. *See* O.C.G.A. §§ 9-3-90-99.

Here, Salas does not argue a statutory reason for tolling the limitations period, but rather he argues that the district court should have applied equitable tolling. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace*, ___ U.S. at ____, 127 S.Ct. at 1100. The Supreme Court has held that equitable tolling is not "appropriate to avoid the risk of concurrent litigation" in a § 1983 action. *Id.*

6

Further, we have held that equitable tolling is appropriate only in "extraordinary circumstances," and the petitioner bears the burden of showing equitable tolling is warranted. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (discussing equitable tolling in the habeas context). Because Salas fails to show how his pending habeas petition created an extraordinary circumstance so that he could not file his § 1983 action, the district court did not err by refusing to toll the statute of limitations.

In determining whether the statute of limitations barred Salas's claims, we must consider that § 1983 does not provide a statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239-40, 251, 109 S. Ct. 573, 576, 582, 102 L. Ed. 2d 594 (1989). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.), *cert. denied*, 128 S. Ct. 2914 (2008). In Georgia, where Salas filed his complaint and the alleged wrongs occurred, the governing limitations period is two years. *See* O.C.G.A. § 9-3-33; *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006).

Federal law determines the date on which the statute begins to run, and the statute of limitations for a § 1983 action begins to run from the date "the facts

which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). "It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." *McNair v. Allen*, 515 F.3d at 1174 (quoting *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990)).

With regard to Salas's claims that the police arrested him without probable cause, the Assistant District Attorney failed to provide him with discovery documents, and the superior court judge failed to advise him of his appeal rights, the facts supporting these claims should have been apparent to Salas on or before the date he was sentenced, March 5, 2001. *See Mullinax*, 817 F.2d at 716. Because Salas did not file his complaint until February 1, 2008, more than two years later, these claims are time-barred. *See* O.C.G.A. § 9-3-33. Additionally, to the extent that Salas alleges the superior court and the State of Georgia injured him by failing to respond to his motions, these claims are time-barred because the specific motions Salas refers to were filed on or prior to September 21, 2005, and he should have known more than two years prior to February 1, 2008, that he was

8

injured. *See Mullinax*, 817 F.2d at 716.

To resolve Salas's argument that he did not suffer an actual injury from the court reporters' and clerks' failure to provide him with copies of his record and transcripts until the court dismissed his federal habeas petition as untimely on May 22, 2007, we must examine the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations to determine when Salas should have known that he was injured. The AEDPA provision imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following one of four events, including "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A judgment of conviction "ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). A state prisoner's conviction becomes final when the U.S. Supreme Court denies *certiorari*, issues a decision on the merits, or after the expiration of the 90 days in which the petitioner could file such a petition. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004); *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002). However, the Supreme Court generally requires state petitioners to seek review in

the state's highest court before filing for *certiorari* and allowing the petitioner to receive the benefit of the 90-day period. *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (addressing a prisoner who failed to seek a certificate of probable cause from the Georgia Supreme Court on direct appeal). In Georgia, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. O.C.G.A. § 5-6-38(a).

Because Salas did not file a notice of appeal within 30 days after the entry of the judgment, he did not benefit from the 90-day grace period. *See* O.C.G.A. § 5-6-38(a); *Pugh*, 465 F.3d at 1300. Thus, Salas had 1 year and 30 days from the time his conviction became final to file his § 2254 habeas petition, approximately April 5, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). Although we need not decide the exact date of Salas's alleged injury, Salas should have known sometime within the three years, from April 5, 2002, until the date the court received his record on December 13, 2005, that his right to file a § 2254 petition had been compromised. Thus, because Salas waited more than two years after December 13, 2005, to file his claims against the court reporter and clerk, the district court did not err by dismissing his complaints as time barred.

III.

Lastly, Salas contends that the district court abused its discretion by not

10

allowing him to amend his complaint to provide further detail clarifying the facts of his claims.

We review a district court's decision to grant or deny leave to amend a complaint for an abuse of discretion. *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994). We have held that a district court does not abuse its discretion in refusing to allow a plaintiff to amend his complaint before dismissing the case if an amendment would have been futile. *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005).

We conclude from the record that an amendment to Salas's complaint explaining the details of his claims would have been futile because, as discussed above, his claims are barred by the statute of limitations. Thus, the district court did not abuse its discretion in denying Salas's motion to amend his complaint.

For the above-stated reasons, we affirm the district court's judgment of dismissal.

**AFFIRMED.**