In re VERILINK CORPORATION,
a Delaware Corporation, and
Affiliates, Debtor.

Darryl S. Laddin, as Trustee for the Liquidating Trust of the Estates of Verilink Corporation and Larscom Incorporated, Plaintiff,

v.

Leigh S. Belden, Steven C. Taylor, Timothy R. Anderson, C.W. Smith, Powell Goldstein LLP, and Raymond James & Associates, Inc., Defendants.

Bankruptcy Nos. 06–80566, 06–80567.
Adversary No. 08–AP–80072.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

April 9, 2009.

David J. Worley, James M. Evangelista, Page Perry LLC, Rickman P. Brown, Scott A. Schweber, Scott E. Tinnon, Dietrick Evans Scholz & Williams LLC, Atlanta, GA, Glen Marshall Connor, Richard P. Rouco, Whatley Drake & Kallas, LLC, Birmingham, AL, for Plaintiff.

Caroline A. Fuller, John S. Lutz, Michael R. McCurdy, Fairfield and Woods PC, Denver, CO, Harriot Ivy, Timothy M. Lupinacci, Baker Donelson, W. Patton Hahn, Christopher L. Hawkins, Bradley Arant Rose & White, Birmingham, AL, for Defendants.

Raymond James & Associates, Inc., pro se.

## ORDER

JACK CADDELL, Bankruptcy Judge.

Now before the Court for consideration are Defendant Powell Goldstein LLP's Motion to Dismiss Plaintiff's Corrected Amended Complaint [dkt. no. 55] ("Motion to Dismiss") and the Chapter 11 Trustee's Motion for Leave to File Second Amended Complaint [dkt. no. 89] ("Motion to Amend"). After reviewing the record and all briefs submitted in connection with the motions, and after considering the parties' arguments at a hearing held in this matter on March 24, 2009, the Court enters the following Order.

### BACKGROUND AND PROCEDURAL HISTORY

Verilink Corporation ("Verilink") and Larscom Incorporated ("Larscom") filed separate petitions for reorganization under Chapter 11 of the Bankruptcy Code on April 9, 2006, and sought joint administration of their petitions. This Court granted the request for joint administration, and also granted Verilink's and Larscom's request for Powell Goldstein to serve as Debtors' counsel in the bankruptcy proceedings. On May 4, 2006, this Court appointed Darryl S. Laddin to serve as counsel to the Official Unsecured Creditor's Committee.

Verilink filed a Second Amended Joint Plan of Reorganization (the "Plan") and related Disclosure Statement on December 7, 2006. On January 31, 2007, this Court entered an order confirming the Plan, which became effective on February 13, 2007. Under the Plan, Mr. Laddin was appointed as the Liquidating Trustee.

Plaintiff Trustee (Mr. Laddin) filed the original complaint in this adversary proceeding on April 8, 2008 against certain former Verilink directors. Plaintiff filed an Amended Complaint on September 29, 2008 (and a Corrected Amended Complaint on October 30, 2008).[1] The Amended Complaint, among other things, added the law firm of Powell Goldstein as a defendant and asserted claims against Powell Goldstein for breach of fiduciary duty (Count XIII), malpractice (Count XIV), civil conspiracy (Count XV), and aiding and abetting breach of fiduciary duty (Count XVI) based upon Powell Goldstein's pre-bankruptcy representation of Verilink in the July 28, 2004 acquisition of Larscom.

On December 17, 2008, Powell Goldstein filed its Motion to Dismiss on the grounds that the claims against it in the Amended Complaint are time-barred by the statutes of repose and limitations and precluded under the doctrine of *res judicata*. On January 30, 2009, Plaintiff filed a response to Powell Goldstein's Motion to Dismiss and submitted the Affidavits of Darryl Laddin and James Evangelista (collectively, the "Laddin and Evangelista Affidavits") in support of an argument that the statute of limitations should be tolled because Powell Goldstein fraudulently concealed Verilink's claims. On February 12, 2009 (two weeks later), Plaintiff also filed his Motion to Amend and attached a pro-

posed Second Amended Complaint that contained allegations of fraudulent concealment that were included in the Laddin and Evangelista Affidavits. In the proposed Second Amended Complaint, Plaintiff sought to assert additional claims against Powell Goldstein for conflicts of interest (Count XXI), professional malpractice (Count XXII), and fraudulent concealment (Count XXIII).

On March 2, 2009, Powell Goldstein filed a reply brief in support of its Motion to Dismiss, a Notice of Objection to the Laddin and Evangelista Affidavits, and a response in opposition to Plaintiff's Motion to Amend. On March 20, 2009, Plaintiff filed a sur-reply brief in further response to Powell Goldstein's Motion to Dismiss and a reply brief in support of his Motion to Amend. On March 23, 2009, Plaintiff also filed a response to Powell Goldstein's Notice of Objection to the Affidavits. The Court heard oral argument on both Powell Goldstein's Motion to Dismiss and Plaintiff's Motion to Amend on March 24, 2009.

## DISCUSSION

### I. *Powell Goldstein's Motion to Dismiss*

A motion to dismiss for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering a motion to dismiss, the Court accepts the complaint's allegations as true and construes them in the light most favorable to Plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred.

---

1. The Amended Complaint and the Corrected Amended Complaint are referred to collectively herein as the "Amended Complaint."

*Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir.2005).

## A. Plaintiff's Claims Against Powell Goldstein Are Time–Barred.

Accepting all of the allegations in the Amended Complaint as true for purposes of deciding this Motion to Dismiss, the Court finds that Plaintiff's claims against Powell Goldstein are barred by the four-year statute of repose provided by the Alabama Legal Services Liability Act ("ALSLA") and the two-year limitations/extension period set forth in 11 U.S.C. § 108 of the Bankruptcy Code.

### 1. Under Alabama's Choice of Law Rules, Alabama Law Applies to Plaintif's Claims Against Powell Goldstein.

■■■ A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under Alabama's choice of law rules, the doctrine of "lex loci delicti" applies, and Alabama courts apply the substantive law of the state where the injury occurred. *Etheredge v. Genie Industries, Inc.*, 632 So.2d 1324, 1326 (Ala.1994); *Fitts v. Minn. Mining & Mfg. Co.*, 581 So.2d 819, 820 (Ala.1991); *see also Randolph v. Tenn. Valley Auth.*, 792 F.Supp. 1221, 1222 (N.D.Ala.1992). Here, the injury to Verilink that is alleged in the Amended Complaint—diminution of Verilink's fair market value as a result of alleged breaches of fiduciary duties and malpractice by Powell Goldstein in connection with the structuring and approval of the Larscom transaction—all occurred in Alabama, where Verilink was headquartered at the relevant time. Therefore, this Court looks to Alabama law to determine the substantive rights of the parties.

■■■ The Court rejects Plaintiff's argument that Delaware law, including its statute of limitations, would apply to Plaintiff's claims against Powell Goldstein. First, the Court finds that Alabama's "internal affairs doctrine," which provides that "the internal corporate relationship is governed by the law of the state of incorporation," *Massey v. Disc Mfg., Inc.*, 601 So.2d 449, 454 (Ala.1992), does not require application of Delaware substantive law to Plaintiff's claims against Powell Goldstein. This choice of law rule is applicable only to determine "the existence and extent of a *director's* or *officer's* liability to the corporation." *Id.* (citing Restatement (Second) of Conflicts of Law § 309 (1971)) (emphasis added). This rule does not apply to lawyers, and Plaintiff did not provide any reason why this rule would extend to the attorney-client relationship, such that the rule would apply to the claims asserted against Powell Goldstein in this case.

■■■ Second, even if, for the sake of argument, Delaware substantive law were to apply to the claims against Powell Goldstein, in no circumstances would Delaware's general three-year statute of limitations contained in 10 DEL. C. § 8106 apply in an Alabama court. Under Alabama choice of law rules, even if another state's substantive law may apply, a court sitting in Alabama must apply the procedural law of Alabama. *Etheredge*, 632 So.2d at 1326 ("Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule here that the *lex fori*, and not the *lex loci*, governs."). Alabama law is clear that statutes of limitations and repose are procedural.[2] *Etheredge*, 632 So.2d at 1326

---

**2.** The Court rejects Plaintiff's contention that the ALSLA's statute of repose is substantive.

The ALSLA's statute of repose (ALA. CODE § 6–5–574) is not so "inextricably bound up in the

("By legal tradition, most statutes of limitation are deemed procedural rather than substantive."); *id.* ("Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only."). Alabama law therefore dictates that Alabama's statutes of limitation and repose apply to Plaintiff's claims against Powell Goldstein.

### 2. The ALSLA's Statute of Repose, Which Cannot Be Tolled Under Any Circumstances, Is an Absolute Bar to Plaintiff's Claims Against Powell Goldstein.

 The sole and exclusive remedy against a legal service provider for claims arising out of the receipt of legal services is a "legal services liability action" under the ALSLA. ALA. CODE § 6–5–573. All of the claims asserted against Powell Goldstein in the Amended Complaint arise out of Plaintiff's receipt of legal services from Powell Goldstein, which is a "legal service provider" under the terms of the ALSLA. Thus, no matter how Plaintiff labels his claims in the Amended Complaint, under Alabama law, Plaintiff's claims for breach of fiduciary duty, civil conspiracy, and aiding and abetting breach of fiduciary duty would be treated as one consolidated claim under the ALSLA.

The Court looks to Alabama law (specifically, the ALSLA) to determine the statutes of limitations and repose that apply to Plaintiff's claims against Powell Goldstein. The ALSLA contains two *different* limitations periods in the same section: a statute of limitations and a statute of repose. The ALSLA provides a two-year statute of limitations from the date of "the act or omission or failure giving rise to a claim." ALA. CODE § 6–5–574(a). The ALSLA also contains a four-year statute of repose that specifies that "in no event may the action be commenced more than four years after such act or omission or failure." *Id.*

 Accepting the facts alleged in the Amended Complaint as true, the alleged "act or omission or failure giving rise to a claim" against Powell Goldstein occurred no later than the date of the closing of the Verilink–Larscom transaction on July 28, 2004, and that date triggers the statutes of limitation and repose. Regardless of when the statute of limitations expired, in no event could Plaintiff ever assert a claim after July 28, 2008, which was the end of the four-year statute of repose. Because Plaintiff did not file his claims against Powell Goldstein until September 29, 2008—two months past the expiration of the statute of repose—Plaintiff's claims are time-barred.

 Plaintiff's arguments about fraudulent concealment on the part of Powell Goldstein[3] are irrelevant to this analysis

statute creating the right" (ALA CODE §§ 6–5–570 & –573) that it would be "deemed a portion of the substantive right itself." *Etheredge,* 632 So.2d at 1327. Further, the decision that Plaintiff cites in support of its argument, *Moore v. Liberty National Insurance Co.,* 108 F.Supp.2d 1266, 1275 (N.D.Ala.2000), has no application to this case for several reasons. The *Moore* case addressed a judicially created 20–year rule of repose, not a *statute* of repose; did not address choice of law principles or the application of different states' substantive or procedural law; and,

significantly, did not find that a *statute* of repose is substantive. In any event, however, the Court has found that Alabama substantive law applies to Plaintiff's claims against Powell Goldstein; thus, even if the ALSLA's statute of repose were substantive, it would still apply to Plaintiff's claims.

3. To make this argument in response to Powell Goldstein's Motion to Dismiss, Plaintiff relies on facts alleged in the Laddin and Evangelista Affidavits and later incorporated into Plaintiff's proposed Second Amended Complaint, which Plaintiff seeks leave to file.

because the ALSLA's statute of repose is not subject to tolling under any circumstances. *See Kuchler v. Taylor*, 849 F.Supp. 1503, 1513 (M.D.Ala.1994) (finding that the ALSLA precluded the plaintiffs' reliance on a tolling statute because under the ALSLA, regardless of alleged fraudulent concealment, the plaintiffs had four years from the time they suffered legal injury as a result of the defendant's malpractice to file the claim); *Leighton Ave. Office Plaza, Ltd. v. Campbell*, 584 So.2d 1340, 1344 (Ala.1991) (holding that "a legal malpractice action based on allegations of fraud must be commenced within two years after the discovery by the aggrieved party of the fact constituting the fraud; provided, however, that no action may be commenced more than four years after the act or acts constituting the fraud"); *see also Pinigis v. Regions Bank*, 977 So.2d 446, 449 (Ala.2007) ("[S]tatutes of repose, unlike statutes of limitations, are not subject to equitable tolling, even under compelling circumstances.") (internal quotations and citation omitted). Therefore, because Plaintiff's claims against Powell Goldstein were filed after the expiration of the ALSLA's statute of repose, which is not subject to tolling, Plaintiff's claims are time-barred and subject to dismissal with prejudice.

**3. Plaintiff's Claims Were Filed After the Expiration of the Two–Year Limitations Period Provided by 11 U.S.C. § 108(a)(2).**

█ Plaintiff's claims against Powell Goldstein are also barred by the limitations/extension period set forth in the Bankruptcy Code, 11 U.S.C. § 108(a), which provides:

> If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

The Bankruptcy Code defines an "order for relief" under 11 U.S.C. § 108(a)(2) as "[t]he commencement of a voluntary case under a chapter of this title." 11 U.S.C. § 301(b); *see also McQueen v. Barnes (In re Pac One, Inc.)*, 2007 WL 2083817, *3, 2007 U.S. Dist. LEXIS 51670, at *9 (N.D.Ga. July 17, 2007) (finding that the two-year limitations period under 11 U.S.C. § 108(a)(2) begins to run on the date of the filing of the bankruptcy petition).

Accepting the facts alleged in the Amended Complaint as true, the ALSLA's two-year statute of limitations began to run on July 28, 2004, and had not yet expired by the time that Verilink filed its bankruptcy petition on April 9, 2006. Thus, the Bankruptcy Code provided a new two-year limitations period, which began to run on April 9, 2006 and expired on April 9, 2008. Plaintiff did not file the Amended Complaint until more than *five months* after the expiration of the deadline provided by 11 U.S.C. § 108(a)(2); therefore, the Amended Complaint is time-barred and subject to dismissal with prejudice.

The Court rejects both of Plaintiff's attempts to "toll" the two-year limitations period under 11 U.S.C. § 108(a)(2). First, Plaintiff's argument that the limitations

The Court disregards the Affidavits and considers only the allegations contained in the Amended Complaint to decide Powell Goldstein's Motion to Dismiss.

period did not begin to run until the appointment of the Trustee is not supported by the plain statutory language of § 108(a)(2) or the case law interpreting that statute. The case upon which Plaintiff relies—*Pongetti v. Lee (In re Bingham Systems, Inc.)*, 139 B.R. 809 (Bankr. N.D.Miss.1991)—is inapposite because it addressed whether the two-year limitations period in § 108(a)(2) begins to run anew when a case is converted from Chapter 11 to Chapter 7, or *vice versa*—circumstances that are not present in this case. Moreover, *Bingham* is an outlier case that several courts have criticized for its disregard of clear statutory language. *See Ferguson v. Mohasco Corp. (In re R.W. Joyce Trucking Co.)*, 183 B.R. 708, 711 (Bankr. M.D.N.C.1995) ("Because the statutory language of § 108(a) and § 348(a) is plain and unambiguous, and because the result reached in *Bingham* is contrary to these statutory provisions, this court declines to follow the reasoning and result of the *Bingham* case."); *Butler v. Bantz (In re Howe Grain, Inc.)*, 176 B.R. 515, 520 (Bankr.D.Neb.1994) ("The reasoning of *Bingham* runs counter to the express language of § 108(a)(2)" which "is not tied to the time a trustee is appointed; this section explicitly provides that the two year time period runs from the time of the order for relief."); *Huennekens v. Nicoll (In re S. Int'l Co.)*, 159 B.R. 192, 194 n. 5 (Bankr.E.D.Va.1993) ("While *Bingham* seems to reach an equitable result, I find it plainly at variance with § 348(a).").

■■■ Second, Plaintiff cannot rely on the discovery rule to toll the statute of limitations in § 108(a)(2) until his appointment on February 13, 2007. While "[a] bankruptcy trustee stands in the shoes of the debtor and has standing to bring any suit that the debtor could have instituted when the debtor filed for bankruptcy," the trustee does not acquire any "rights [or]

interests greater than those of the debtor." *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1150 (11th Cir.2006) (internal quotations and citation omitted). Courts have found that tolling of the two-year limitations/extension period in § 108(a)(2) until the time that a trustee is appointed unnecessary because creditors of a Chapter 11 debtor "have adequate remedies available if the debtor-in-possession does not act to diligently pursue claims held by the estate," including conducting Bankruptcy Rule 2004 exams, seeking appointment of an examiner, or filing motions to compel the debtor to prosecute claims. *Howe Grain*, 176 B.R. at 520. The conduct giving rise to Verilink's claims against Powell Goldstein occurred prior to the closing of the Larscom transaction on July 28, 2004. At any time after July 28, 2004, Verilink could have asserted these claims against Powell Goldstein, and any knowledge that Verilink had of the claims against Powell Goldstein is imputed to Plaintiff, as the Trustee for Verilink in the bankruptcy proceeding.

**B. Plaintiff's Claims Against Powell Goldstein Are Barred by the Doctrine of *Res Judicata*.**

■■■ Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1296 (11th Cir.2001). Where a claim could have been brought before the confirmation of a bankruptcy plan, it is normally precluded in subsequent litigation unless it was *expressly* reserved in the bankruptcy plan. *D&K Props. Crystal Lake v. Mut. Life Ins. Co. of N.Y.*, 112 F.3d 257, 259–60 (7th Cir.1997). Here, Plaintiff's claims against Powell Goldstein are barred under the doctrine of *res judicata* because they

could have been brought before confirmation and were not specifically and expressly reserved prior to this Court's January 31, 2007 order confirming the Plan in the underlying bankruptcy.

### 1. The Claims Against Powell Goldstein Could Have Been Brought Before Confirmation of the Plan.

Four elements must be satisfied to invoke the doctrine of *res judicata*: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Piper Aircraft*, 244 F.3d at 1296. The judgment in the first case is an absolute bar to a subsequent suit between the same parties for every matter that was actually raised and " 'also as to every [claim] which might have been presented.' " *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir.1990) (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069 (1927)).

The first two elements of *res judicata* are not in dispute. The Court finds that the third element—same parties or privies—is met here. All participants in a bankruptcy proceeding, whether named parties or not, are barred by *res judicata* from asserting matters that could have been raised during the course of the bankruptcy proceeding. *In re Micor–Time Mgmt. Sys.*, 1993 WL 752, *4, 1993 U.S.App. LEXIS 859, at *10–11 (6th Cir. Jan. 12, 1993). The term "participants" includes a debtor's attorneys; therefore, Powell Goldstein, as Verilink's counsel during the bankruptcy proceeding, is considered a party to the bankruptcy proceeding for *res judicata* purposes. *Id.* at 1993 WL 752, **4–5, 1993 U.S.App. LEXIS 859 *11–

12 (holding that the debtor's former law firm was a "party to the proceeding or, at least, privy to parties of the proceeding" for *res judicata* purposes); *see also Browning v. Levy*, 283 F.3d 761, 772 (6th Cir.2002) (finding that the "identity of the parties" requirement for *res judicata* was satisfied for the law firm that represented the debtor in a bankruptcy proceeding).

With respect to the fourth element of *res judicata*, the Court finds that this adversary proceeding and the bankruptcy case involve the same causes of action. The test for this element of *res judicata* focuses on whether the claims arise out of the same transaction or series of transactions. *Justice Oaks II*, 898 F.2d at 1551. Plaintiff's claims against Powell Goldstein arise out of the same transaction and/or the same core of operative facts as the Verilink bankruptcy proceeding because Plaintiff alleges that Powell Goldstein's representation of Verilink in connection with the Larscom merger contributed to Verilink's bankruptcy. *Browning*, 283 F.3d at 774 (finding identity of claims where the plaintiff alleged that the law firm's representation contributed to plaintiff's resulting bankruptcy).

The Larscom transaction, which serves as the basis for Plaintiff's claims against Powell Goldstein, closed in July 2004, nearly two years before Verilink even filed for bankruptcy. Although Plaintiff's claims against Powell Goldstein are not "core" proceedings under 28 U.S.C. § 1334(b), these claims could have been raised pursuant to the Court's limited jurisdiction over non-core proceedings under 28 U.S.C. § 157(c)(1), which permits bankruptcy courts to hear non-core, related claims. *Browning*, 283 F.3d at 773. A claim is "related to" a bankruptcy proceeding "if it would have affected the debtor's rights or liabilities." *Id.* Plaintiff's claims against Powell Goldstein are related to Verilink's

bankruptcy proceeding because if the claims had been asserted during the proceeding, any recovery received by Verilink would have constituted an asset available for distribution to Verilink's creditors and shareholders. *Id.*

Accordingly, the Court finds that all of the elements of *res judicata* are satisfied in this case, and the claims alleged in the Amended Complaint against Powell Goldstein are claims that could have been brought before the confirmation of the Plan on January 31, 2007.[4]

### 2. The Plan Did Not Retain Claims Against Powell Goldstein.

Confirmation of a bankruptcy plan that does not sufficiently identify claims bars the prosecution of such claims because "confirmation extinguishes them in the absence of compliance with [11 U.S.C.] § 1123(b)(3)." *Value Music Concepts,* 329 B.R. at 118. Pursuant to 11 U.S.C. § 1123(b)(3), a bankruptcy plan may "provide for—(A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest."

While the Plan and the Disclosure Statement did attempt to expressly retain certain claims, neither of these documents expressly reserved any claim against Powell Goldstein. The Plan specifically identifies the following types and categories of reserved actions:

[T]he Debtors shall be deemed to have transferred and assigned to the Liquidating Trust, and the Liquidating Trust shall be deemed to have retained, all Causes of Action that the Debtors had or had power to assert immediately prior to the Confirmation Date.... Without limiting the foregoing, the Liquidating Trust shall have the right to commence Avoidance Actions and any D & O Actions or other Causes of Action, including without limitation those described in the Disclosure Statement or otherwise against the persons identified in the Disclosure Statement or against any other appropriate party.

(Order Confirming Second Amended Joint Plan of Reorganization Filed By The Debtors On December 7, 2006 (Doc. 800, ¶ 13, pp. 12–13.)) The Disclosure Statement describes the D & O claims as follows:

[T]he Debtors may hold certain claims against the Debtors' former officers, directors and employees (the "D & O Claims"). On June 2, 2006, counsel for the Committee sent a notice of claims to seventeen former officers, directors and employees of the Debtors (the "D & O Claims Notice"). The D & O Claims notice was sent to the following: Thomas E. Abernathy, Jr.; Timothy R. Anderson; Leigh S. Belton; Sarabjit Gosal; James Nevelle; Thi Nguyen; John E. Major; John A. McGuire; Betsy D. Mosgrove; Howard Oringer; Larry J. Richards; David W. Shackleford; C.W. Smith; Steven C. Taylor; David Waters; S. Todd Westbrook; and Des-

---

**4.** The cases upon which Plaintiff relies, *Piper Aircraft* and *In re Value Music Concepts, Inc.,* 329 B.R. 111 (Bankr.N.D.Ga.2005), are distinguishable because in both cases, the courts found that the claims asserted in adversary proceedings, objected to by defendants on *res judicata* grounds, could not have been brought in the earlier bankruptcy proceedings. *Piper Aircraft Corp.,* 244 F.3d at 1298, 1303 (finding that the claims in the adversary proceeding were not in existence at the time the bankruptcy proceeding began); *Value Music Concepts,* 329 B.R. at 118 (determining that *res judicata* did not bar claims asserted in the adversary proceeding because it was legally impermissible to litigate the claims during the bankruptcy proceeding).

mond P. Wilson, III. The D & O Claims are based upon certain potentially wrongful acts or omissions that may have been committed by the directors, officers, and employees in the course of their actions as directors, officers, and employees of the Debtors. The Debtors cannot presently place a value on the D & O Claims. However, the Committee is investigating potentially wrongful acts including, without limitation, breaches of fiduciary duty, negligence, gross negligence, recklessness, breaches of duties of care, deepening insolvency, and other actions which may have led to the decline of the Debtors' business. In connection therewith, the Committee is also investigating potential Causes of Action against professionals advising the Debtors, including without limitation PricewaterhouseCoopers and Ehrhardt Keefe Steiner & Hottman PC who were auditors for the Debtors, and Kaufman Bros., LP who provided investment banking advice to the Debtors in connection with the PIPE notes. THE INFORMATION PROVIDED ABOVE WITH RESPECT TO THE POTENTIAL TARGETS OF THE D & O CLAIMS AND THE OTHER INVESTIGATIONS OF THE CREDITORS' COMMITTEE IS MADE TO PROVIDE SPECIFIC NOTICE TO THOSE PARTIES THAT THEY MAY BE SUBJECT TO A CAUSE OF ACTION. THE DEBTORS HAVE RETAINED THE RIGHTS TO PURSUE ALL CAUSES OF ACTION AND, UNDER THE TERMS OF THE PLAN, CONTINUE TO RESERVE THOSE RIGHTS WHICH WILL BE EXERCISED BY THE LIQUIDATING TRUSTEE.

Neither the Plan nor the Disclosure Statement makes any reference to a reservation of claims against Powell Goldstein and cannot be construed as referring to any claims against Powell Goldstein. The language in the Plan and the Disclosure Statement is not specific enough to include Plaintiff's claims against Powell Goldstein, as the claims are not D & O Actions, and Powell Goldstein is not a named professional against whom Plaintiff may pursue a Cause of Action, as outlined in the Disclosure Statement.

█ Contrary to Plaintiff's argument, general reservation language contained in the Plan is not sufficient to reserve Plaintiff's claims against Powell Goldstein because "a general reservation of rights does not suffice to avoid *res judicata.*" *Browning,* 283 F.3d at 774 (stating that a reservation that did not name the defendant or state the factual basis for a breach of fiduciary duty claim was not effective); *D & K Props.,* 112 F.3d at 261 ("The identification must not only be express, but also the claim must be specific. A blanket reservation that seeks to reserve all causes of action reserves nothing."); *In re Harstad,* 155 B.R. 500, 509–10 (Bankr.D.Minn. 1993), *aff'd, Harstad v. First Am. Bank,* 39 F.3d 898 (8th Cir.1994) (requiring the plan to "specifically and unequivocally" retain the claim).

Because Plaintiff's claims against Powell Goldstein are not expressly and specifically reserved in the Plan, they are barred under the doctrine of *res judicata* by this entry of this Court's January 31, 2007 order confirming the Plan. *Browning,* 283 F.3d at 774 ("Because all of the elements of *res judicata* are satisfied in the present case, [plaintiff] must have either adjudicated its claims in the bankruptcy proceeding or reserved them in the reorganization plan or confirmation order."); *In re Huntsville Small Engines, Inc.* 228 B.R. 9, 13–14 (Bankr.N.D.Ala.1998) (finding that a claim was barred by *res judicata* where "the disclosure statement and plan only

contained a general retention clause reserving the debtor's right to pursue post-confirmation all pre-petition causes of action without specifically disclosing the cause of action against [the defendant]"). Thus, Plaintiff is precluded as a matter of law from asserting the claims against Powell Goldstein in this adversary proceeding.

## II. *Plaintiff's Motion to Amend*

▮ Although Rule 15 of the Federal Rules of Civil Procedure (Rule 7015 of the Federal Rules of Bankruptcy Procedure) provides that leave to amend a pleading "shall be freely given when justice so requires," certain circumstances warrant denial of a party's motion to amend a pleading. The Supreme Court has stated that leave should not be freely given in the presence of any good reason for denial, such as undue delay, bad faith or dilatory motive, undue prejudice to the defendant, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Eleventh Circuit Court of Appeals has consistently upheld the decisions of district courts denying motions for leave to amend complaints when these factors are present. *See, e.g., Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255–57 (11th Cir.2008) (futility); *Reese v. Herbert*, 527 F.3d 1253, 1263–64 (11th Cir. 2008) (undue delay); *Reliford v. City of Tampa Hous. Auth.*, 190 Fed.Appx. 928, 928 (11th Cir.2006) (per curiam) (bad faith); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir.1999) (prejudice and undue delay); *see also* cases cited *infra*.

In this case, upon due consideration of the history and proceedings in the underlying bankruptcy case (which has been pending for three years) and in light of the current posture of this adversary proceeding, the Court finds that there is good reason to deny of Plaintiff's Motion to Amend on two independent grounds: (1) undue delay/bad faith and (2) futility.

### A. Plaintiff's Proposed Amendment Is the Product of Undue Delay and Bad Faith.

The Court finds that Plaintiff's Motion to Amend, which was filed as an attempt to defeat Powell Goldstein's Motion to Dismiss, demonstrates dilatory tactics and bad faith. Plaintiff's own allegations in the proposed Second Amended Complaint reveal that he was aware of the facts that underlie his newly asserted claims against Powell Goldstein two months *before* he filed the Amended Complaint. Specifically, Plaintiff alleges that he became aware of these facts on *July 21, 2008*, when Powell Goldstein produced "a few of the key documents in the form of attorney notes indicating PoGo's knowledge of the facts and actual complicity in the misconduct alleged in the Complaint," and July 31, 2008, when "PoGo finally produced pertinent attorney email relating to the XEL and Larscom acquisitions." (Proposed Second Am. Compl. ¶ 264.)

In the Amended Scheduling Order dated September 15, 2008, the Court specifically provided Plaintiff with a deadline of September 29, 2008 to file an amended complaint, and Plaintiff was obligated to include all claims that he had at the time of filing the Amended Complaint. Allegations that Powell Goldstein concealed information from Verilink, had a conflict of interest in representing Verilink, or committed professional malpractice and fraud are not even mentioned in the Amended Complaint (filed on September 29, 2008), despite the fact that Plaintiff admits he was aware of these issues *two months* before he filed that complaint. Instead, Plaintiff waited until after Powell Goldstein filed its Motion to Dismiss to allege these "new" facts and theories of liability.

Plaintiff's Motion to Amend provides no explanation for his decision not to include these new allegations and claims in the Amended Complaint, or his decision to wait more than six months after his "discovery" of the alleged facts on July 21, 2008 before he moved to add the allegations in a proposed Second Amended Complaint (filed on February 12, 2009). With all due respect to Plaintiff and his counsel, this Court believes that the proposed amendment is simply a backdoor attempt to keep Powell Goldstein in this case so that Plaintiff can recover more money for the estate through settlement. If the factual allegations and claims added to the proposed Second Amended Complaint were of such deep concern to Plaintiff when he discovered them, then he should have included them in the Amended Complaint, instead of waiting to file them only after he learned that his claims against Powell Goldstein were time-barred. Given its concerns about Plaintiff's undue delay and motives in moving to amend the complaint at this stage of the proceedings, the Court finds that it would be patently unfair to keep Powell Goldstein in this case and cause the firm to incur additional and significant litigation expenses to defend itself against Plaintiff's claims.

For these reasons, in the exercise of its discretion under Rule 15(a), the Court denies Plaintiff's Motion to Amend on the basis of undue delay and bad faith. *See Reese v. Herbert,* 527 F.3d 1253, 1263–64 (11th Cir.2008) (affirming trial court's denial of a motion to amend where all of the facts relevant to the proposed amendment were known to the plaintiff at the time of filing the original complaint and no excuse was given for the delay); *Reliford v. City of Tampa Hous. Auth.,* 190 Fed.Appx. 928, 928 (11th Cir.2006) (per curiam) (affirming denial of leave to amend based on a finding of bad faith on the grounds that the proposed amendment was "a transparent attempt to get around the immunity problem raised by the motion to dismiss"); *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir.1999) (upholding trial court's denial of a motion for leave to amend on the basis of undue delay); *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir.1999) (finding no abuse of discretion for trial court's denial of plaintiff's motion for leave to amend where prejudice and undue delay were inherent in the proposed amendment).

### B. Plaintiff's Proposed Amendment Would Be Futile.

The Court also finds that Plaintiff's proposed amendment would be futile. Under no circumstances will the fraudulent concealment theory alleged in the proposed Second Amended Complaint resuscitate Plaintiff's time-barred claims against Powell Goldstein, which were filed two months after the expiration of the statute of repose—a strict time limitation that cannot be tolled as a matter of law. *See supra* Part I.A.2.

Moreover, Plaintiff's proposed claims against Powell Goldstein for conflicts of interest (Count XXI), professional malpractice (Count XXII), and fraudulent concealment (Count XXIII) are nothing new. These claims are bootstrapped to the Larscom transaction and the claims in the Amended Complaint that the Court dismissed on the basis that they are time-barred and precluded by the doctrine of *res judicata.* In fact, Plaintiff's "new" claims in the proposed Second Amended Complaint seek the exact same damages as sought by the claims in the Amended Complaint. *(See* Proposed Second Am. Compl. ¶ 272 ("[S]hould the Court ... dismiss the instant claims, PoGo's conflict of interest will have been the proximate cause that the instant claims were either time-barred or judicially estopped, for which *PoGo should be found liable for damages for the same value the pending claims would have if not time-barred or judicially estopped."*)

(emphasis added); *id.* ¶¶ 275 & 279 ("Should this Court accept either of the arguments asserted in PoGo's Motion to Dismiss that the instant claims are time-barred and judicially estopped, PoGo's [conflict of interest, fraud, and breach of its professional duty] will have been the proximate cause of the loss of the value of the pending claims, for which PoGo should be found liable.").)

In any event, Plaintiff's proposed "new" claims in the proposed Second Amended Complaint would be subject to dismissal, even if the amendment were permitted, because they are barred under the doctrine of *res judicata.* These claims were not specifically and expressly reserved prior to this Court's January 31, 2007 order confirming the Plan and are therefore precluded as a matter of law. *See supra* Part I.B.

Accordingly, the Court denies Plaintiff's Motion to Amend on the additional and independent grounds of futility of the proposed amendment. *See Salas v. Pierce,* 297 Fed.Appx. 874, 878–79 (11th Cir.2008) (affirming trial court's denial of plaintiff's motion to amend complaint where amendment would be futile because claims were barred by the statute of limitations); *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1255–57 (11th Cir.2008) (affirming the district court's denial of plaintiff's request for leave to file a second amended complaint because the amendment would be futile); *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir.2004) (finding that a plaintiff's motion for leave to amend should be denied on futility grounds "when the complaint as amended [would] still [be] subject to dismissal"); *Burger King,* 169 F.3d at 1320 (upholding trial court's denial of a motion for leave to amend where the plaintiff attempted to introduce a new theory of recovery in the amended complaint that was "still subject to dismissal" and therefore futile).

## CONCLUSION

Based upon the foregoing, it is therefore ORDERED, ADJUDGED and DE-CREED that Defendant Powell Goldstein LLP's Motion to Dismiss Plaintiff's Corrected Amended Complaint [dkt. no. 55] is hereby **GRANTED,** and the claims against Powell Goldstein asserted in the Corrected Amended Complaint [dkt. 35] are hereby DISMISSED WITH PREJUDICE. The Chapter 11 Trustee's Motion for Leave to File Second Amended Complaint [dkt. no. 89] is hereby **DENIED.**

Because this Order disposes of separable claims and dismisses a party entirely, and because the Court finds no just reason for delay, this Court certifies the judgment as final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b). Accordingly, the Court directs entry of final judgment on all claims asserted against Powell Goldstein based on the determinations made herein.